UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GLENN MILLIET AND FLOYD                          CIVIL ACTION
ANTHONY, INC. d/b/a GLENN
MICHAEL SALONS

VERSUS                                           NO. 07-7487

SCOTTSDALE INDEMNITY                             SECTION: "C" (4)
INSURANCE COMPANY AND
COMPLETE CARPENTRY

### ORDER

This matter comes before the Court on the issue of its subject matter jurisdiction in this removed action. The plaintiffs have submitted a motion for remand; the defendants have not opposed the motion (Rec. Doc. 4). Having considered the record, the memorandum and the law, the Court has determined that it lacks jurisdiction. Therefore, the motion to remand is **GRANTED**.

The plaintiff filed suit in state court for damages caused by Hurricane Katrina and amounts allegedly due under their insurance policy. The defendants removed based on diversity. Now, the plaintiffs have indicated they are preparing a "binding stipulation" that the amount in controversy does not exceed $75,000.

The parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in

1

view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, fn. 10 (1938), citing, *McNutt v. General Motors Corp.*, 298 U.S. 178, 182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F.2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S. 1107 (1983).

The Court is mindful that removal jurisdiction is strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir. 1986); *Butler v. Polk*, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

The Court notes that it is the value of the plaintiffs' claim, not the value of the underlying policy, that determines whether the jurisdictional minimum is satisfied. In this case, the Court finds that the allegations of the petition do not support a finding that it is facially apparent that the claims are likely above the jurisdictional minimum. First, the plaintiffs' complaint stated that the amount in controversy did not exceed $75,000. Because the remaining coverage is necessarily affected by any insurance payments made, the defendant has not made a showing "sufficiently particularized" to meet its burden. Indeed, the plaintiffs claim that they have received sufficient payments to reduce the amount in controversy below the jurisdictional amount. Moreover, a "binding stipulation," which is apparently forthcoming, is strong evidence that the amount in controversy on the date of removal was less than the jurisdictional minimum. Thus, the Court finds that the defendant has failed to meet its burden of proof under these

circumstances.

Accordingly,

IT IS ORDERED that the motion to remand is **GRANTED** (Rec. Doc. 4).

IT IS FURTHER ORDERED that this matter be and hereby is REMANDED to the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, for lack of jurisdiction under 28 USC § 1447(c).

New Orleans, Louisiana, this 7th day of January, 2007.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE